**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CR-58-TS |
| | ) | |
| ANTON J. MOORE | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion for Re-Sentencing Hearing [DE 47], filed on April 25, 2008. On May 8, the Government filed a Response [DE 49].

On February 22, 2006, the Defendant pleaded guilty to one count of possession with intent to distribute crack cocaine. On May 31, 2006, the Defendant was sentenced to 100 months of imprisonment. On April 7, 2008, after the United States Supreme Court ruled in *United States v. Booker*, 543 U.S. 220 (2005), that the Sentencing Guidelines must be advisory rather than mandatory, and after the United States Sentencing Commission lowered the base offense level for crack cocaine offenses and made the adjustment retroactive, this Court ordered the Defendant's sentence to be reduced from 100 months to 84 months of imprisonment. Thus, the Court's Order granted the Defendant's Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [DE 43].

Then, on April 25, 2008, the Defendant filed a Motion for Re-Sentencing Hearing [DE 47], requesting that the Court conduct a full resentencing hearing and arguing that the Court should not limit its review to those changes to the Sentencing Guidelines that are related to crack cocaine but that the Court should look at all factors listed in 18 U.S.C. § 3553. The Government responded that the Defendant is not entitled to a resentencing and that his request is moot in light of the fact that he already received the sentence reduction he requested.

On February 4, 2009, the Seventh Circuit in *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009), held that district courts, when considering a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), does not have the authority to reduce a defendant's sentence below the retroactively amended Sentencing Guidelines range that was based on *Booker*. As noted above, the Court on April 7, 2008, granted the Defendant's request for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2), and under the Seventh Circuit's decision in *Cunningham*, the Court lacks authority to reduce his sentence below the retroactively amended Sentencing Guidelines range. As a consequence, the Defendant's Motion for Re-Sentencing Hearing will be denied.

For the foregoing reasons, the Court DENIES the Defendant's Motion for Re-Sentencing Hearing [DE 47].

SO ORDERED on March 19, 2009.

                                          S/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT